Citation Nr: 1801843 
Decision Date: 01/10/18 Archive Date: 01/23/18

DOCKET NO. 09-17 028 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Cleveland, Ohio


THE ISSUE

Entitlement to a rating in excess of 10 percent for a right knee disability. 


REPRESENTATION

Veteran represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

K. Forde, Associate Counsel 







INTRODUCTION

The Veteran served on active duty in the United States Air Force from January 1975 to September 1978. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a February 2008 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Columbia, South Carolina, which continued the 10 percent rating for his right knee disability. Jurisdiction rests with the RO in Cleveland, Ohio.

In July 2012 and August 2014, the Board remanded for additional development. The appeal is again REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

Review of the record reveals that the Veteran last underwent a VA knee examination in December 2015; however, this examination does not comply with Correia v. McDonald, 28 Vet. App. 158 (2016) or Sharp v. Shulkin, 29 Vet. App. 26, 33 (2017) (the examiner should "estimate the functional loss that would occur during flares."). Thus, a new examination and retrospective opinion are needed on remand. See Barr v. Nicholson, 21 Vet. App. 303, 312 (2007). Updated treatment records should also be secured. 

Accordingly, the case is REMANDED for the following actions:

1. Obtain all outstanding VA treatment records. 

2. Then schedule the Veteran for a VA examination to determine the current nature and severity of his right knee disability. The claims file, to include a copy of this remand must be made available to and be reviewed by the examiner. All indicated studies, tests, and evaluations must be conducted, and all findings reported in detail. The examiner is asked to address the following:

(a) Full range of motion testing must be performed where possible. The joints involved should be tested in (1) active motion, (2) passive motion, (3) in weight-bearing, (4) in nonweight-bearing, and (5) with range of motion of the opposite undamaged joint. Please specify range of motion measurements in all areas outlined above. If the examiner is unable to conduct the required testing or concludes that the required testing is not necessary in this case, he or she should clearly explain why that is so.

(b) Additionally, the examiner must provide an opinion as to the full range of motion throughout the appeal period (since July 2007) of the right knee in (1) active motion, (2) passive motion, (3) in weight-bearing, (4) in nonweight-bearing, and (5) with the range of the opposite undamaged joint. Please specify range of motion measurements in all areas outlined above. If the examiner is unable to provide an opinion, he or she should clearly explain the basis for that conclusion.

(c) Considering the Veteran's reported history, please also provide an opinion describing functional impairment of the Veteran's right knee due to flare-ups since July 2007, accounting for pain, incoordination, weakened movement, and excess fatigability on use, and, to the extent possible, report such impairment in terms of additional degrees of limitation of motion. Please refer to the 2007, 2012 and 2015 VA examination reports. If the examiner is unable to provide such an opinion without resort to speculation, the examiner must provide a rationale for this conclusion, with specific consideration of the instructions in the VA Clinician's Guide to estimate, "per [the] veteran," what extent, if any, flare-ups affect functional impairment. The examiner must include a discussion of any specific facts that cannot be determined if unable to opine without speculation.

A complete rationale shall be given for all opinions and conclusions expressed.

3. Then, after taking any additional development deemed necessary, readjudicate the appeal.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014). 



_________________________________________________
S. BUSH
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (2012), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2017).